UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-339-JKP (HJB) |
| | § | |
| OFFICER F. RUIZ BADGE #1028; | § | |
| OFFICER ARIZOLA BADGE # 1818; and | § | |
| SAN ANTONIO POLICE DEPARTMENT, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the status of the above case.  Pretrial matters have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b).  (*See* Docket Entry 17.) For the reasons set out below, I recommend this case be **DISMISSED** for failure to prosecute and failure to comply with the Court's orders, pursuant to Federal Rule of Civil Procedure 41(b).

**I.      Jurisdiction.**

Plaintiff asserts federal claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), as well as state law claims for defamation and intentional infliction of emotional distress ("IIED").  (*See* Docket Entry 16, at 4–7.)   The Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367.

**II.     Background.**

Plaintiff filed this *pro se* complaint on March 31, 2025.  (*See* Docket Entry 1.)  He sought and received permission to proceed *in forma pauperis*.  (*See id.*; Docket Entry 4.)   Shortly

thereafter, as a result of his harassment of court staff, Plaintiff was ordered barred from physically entering the Courthouse beyond the Court Security Officers' station. (*See* Docket Entry 11.) Although the undersigned did not issue that order, Plaintiff then moved to have the undersigned recused (*see* Docket Entry 15), which was denied (*see* Docket Entry 19). Plaintiff then moved for a temporary restraining order and preliminary injunction against the undersigned (*see* Docket Entry 18), which was denied as "utterly frivolous," (Docket Entry 21).

On August 12, 2025, the undersigned scheduled an in-person initial pretrial scheduling conference to take place on October 22, 2025. (*See* Docket Entry 25.)[1] Defendants appeared for the hearing, as ordered, but Plaintiff did not. (*See* Docket Entry 34, at 1.) Accordingly, the undersigned reset the hearing and ordered Plaintiff to show cause, no later than November 10, 2025, as to why he should not be sanctioned for his failure to appear on October 22, 2025. (*See id.*) The order expressly warned Plaintiff that any failure to comply with that deadline "may result in dismissal of this case for failure to comply with court orders." (*Id.* (citing FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016)).)

The November 10, 2025, deadline for response passed without any filings from Plaintiff. On November 20, 2025, the undersigned issued a second show-cause order, noting that the first order had already admonished Plaintiff that his failure to comply with the first show-cause order could result in dismissal of his case. (See Docket Entry 35, at 1.) This time, the undersigned ordered Plaintiff to show cause, no later than December 3, 2025, why his case should not be dismissed for failure to prosecute and failure to comply with the Court's orders, pursuant to Federal

---

[1] In advance of the pretrial conference, the undersigned made arrangements for Plaintiff to be escorted by court security officers to the courtroom. A few days before the scheduled hearing, Plaintiff filed motions for judicial notice of an FBI criminal complaint (*see* Docket Entry 30) and for a subpoena duces tecum (*see* Docket Entry 31). The undersigned denied both of those motions. (*See* Text Entry Dated Oct. 22, 2025; Docket Entry 33.)

Rule of Civil Procedure 41(b).  (*See id*.)  And to the extent Plaintiff might have incorrectly believed that he was not permitted to file anything as a result of the Fifth Circuit's November 17, 2025, circuit-wide injunction against him,[2] the Court expressly disabused him of any such notion in its second show-cause order.  (*See* Docket Entry 35, at 1–2 n.1.)  That deadline, too, came and passed with no response from Plaintiff.

## III.    Discussion.

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  While such dismissals are reviewed for an abuse of discretion, a "heightened standard of review applies . . . where a district court's dismissal is with prejudice or if it is without prejudice and the applicable statute of limitations probably bars further litigation."  *Keller v. Davis*, 712 F. App'x. 435, 436 (5th Cir. 2018).  This Report and Recommendation first determines whether the heightened standard applies, and then determines whether dismissal is appropriate.

### A. *Whether the Applicable Limitations Period Requires a Heightened Standard for Dismissal Under Rule 41(b).*

As discussed above, Plaintiff asserts § 1983, ADA, defamation, and IIED claims.  (*See* Docket Entry 16, at 4–7.)  In Texas, the statute of limitations for both of Plaintiff's federal claims is two years.  *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (en banc) (ADA) *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (Section 1983).  The limitations period for those claims accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Frame*, 657 F.3d at 238.

---

[2] *See Garces v. Bondi*, No. 25-50359 (5th Cir. Nov. 17, 2025) ("Matthew Garces is hereby BARRED from filing any pro se, in forma pauperis lawsuit or civil pleading in any district court subject to this court's jurisdiction without first obtaining in advance the written permission from an active judge of the receiving forum court.").

Texas law similarly provides that "IIED claims are subject to a two year statute of limitations." *Georgen-Saad v. Tex. Mut. Ins. Co.*, 195 F. Supp. 2d 853, 859 (W.D. Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)).  "A one year statute of limitations," however, "applies to an action for defamation." *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 96 (Tex. App.— San Antonio 2003, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE § 16.002(a)).

Applying the above provisions to the allegations in Plaintiff's First Amended Complaint, it appears that dismissal without prejudice likely would amount to a *de facto* dismissal with prejudice of Plaintiff's defamation claim, but not his other claims.  Plaintiff alleges that all of his injuries occurred on June 24, 2024.  (*See* Docket Entry 16, at 2.)  Thus, dismissal without prejudice in this case would, as to at least one of Plaintiff's claims, "probably bar[] future litigation."  *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).  Accordingly, the undersigned will consider whether Rule 41(b)'s heightened, with-prejudice standard is satisfied in this case.

### B.  *Whether Dismissal with Prejudice Is Appropriate.*

Under the Rule, dismissal with prejudice is appropriate only when there is "(a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice."  *Griggs*, 905 F.3d at 844.  In most such cases, at least one of three aggravating factors will also be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Coleman*, 745 F.3d at 766 n.9; *but see Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("We have stated that aggravating factors must usually be found; we have not said they must always be found.") (citation modified).  Considering these factors, dismissal with prejudice is appropriate in this case.

4

*Record of delay or contumacy.*  Plaintiff has been completely inactive in this case since October 18, 2025, when he moved for issuance of a subpoena duces tecum.  (*See* Docket Entry 31.)  In other words, Plaintiff has failed to prosecute his case for about two months.  While this is not a particularly lengthy delay, "the amount of time elapsed obviously becomes less pivotal" when the plaintiff is "guilty not only of simple delay but of disobedience of a court order as well." *Pennie v. Giorgi for Dall. Morning News*, 841 F. App'x. 655, 660 (5th Cir. 2021) (quoting *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 649 (1st Cir. 1990)).  Indeed, "[e]ven without a clear record of delay, . . . a record of contumacious conduct . . . would satisfy the first of [the] two prerequisites for dismissal of a suit with prejudice under Rule 41(b)." *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988).  And contumacy is certainly present here.

"[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co*, 546 F.3d 321, 327 (5th Cir. 2008) (citation modified); *see Contumacy*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("[T]he refusal of a person to follow a court's order or direction."); *Contumacious Conduct*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("[W]illful disobedience of a court order.").  Here, Plaintiff has not "failed only to comply with a few court orders or rules." *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6. (5th Cir. 1992).  Rather, his refusal to prosecute this case and his obstinate resistance to the Court's authority undermines "the integrity of the judicial process" and leaves the Court with "no choice but to deny . . . him its benefits." *See Millan*, 546 F.3d at 327.  During the past two months, Plaintiff has refused to appear for a hearing and has disobeyed two show-cause orders, both of which expressly warned him that his failure to comply with the Court's orders could result in dismissal of this case.  (See Docket Entries 34–35.)

5

Plaintiff's stubborn refusal to prosecute this case, even when twice expressly ordered by the Court to do so, satisfies the first half of the applicable test for a Rule 41(b) dismissal with prejudice.

*Futility of lesser sanctions*.  "When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice." *Pennie*, 841 F. App'x. at 660 (quoting *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984)).  Lesser sanctions "include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *Nottingham*, 837 F.3d at 442.

The Court has already threatened sanctions against Plaintiff to no effect.  (*See* Docket Entries 34 and 35.)  The Court has twice ordered him to show cause, and each time warned him that his failure to comply could result in dismissal of this case.  (*See* Docket Entries 34 and 35.)  "Despite th[ese] explicit warning[s], [he] refused to comply." *Nottingham*, 837 F.3d at 443.  In short, the Court's threats of sanctions and warnings about the possibility of dismissal have had any efficacy in eliciting diligence or obedience from Plaintiff.  *See Pennie*, 841 F. App'x at 660 (affirming dismissal where district court "issued an explicit warning of the risk of dismissal in its show cause order").  Accordingly, because "lesser sanctions have proved futile," *id.*, they "would not serve the best interests of justice." *Griggs*, 905 F.3d at 844.

*Aggravating factors*.  Although the aggravating factors discussed above are not actually required before the Court may dismiss an action with prejudice under Rule 41(b), *see Sealed Appellant*, 452 F.3d at 418, at least two of those factors is present in this case.  First, because Plaintiff "is acting pro se," he "is personally responsible for his failure to comply with the . . . [C]ourt's orders." *See Nottingham*, 837 F.3d at 443.  Second, his failures must be considered in light of his conduct throughout the course of this litigation: his wreaking "havoc" in the District Clerk's Office (*see* Docket Entry 11); his seeking a frivolous injunction against the undersigned

6

(*see* Docket Entry 21); and, more generally, his prolific litigiousness and frivolous filings. *See e.g.*, *Garces v. Torres*, No. SA-25-CV-604-JKP (HJB), 2025 WL 2811347, at *1 n.1 (W.D. Tex. Sept. 10, 2025) (identifying nearly 20 separate cases filed by Plaintiff in the San Antonio Division of the Western District of Texas in 2025), *report and recommendation adopted*, No. 5:25-CV-0604-JKP, 2025 WL 2808508 (W.D. Tex. Oct. 2, 2025); *Garces v. Bondi*, No. 25-50359 (5th Cir. Nov. 17, 2025) (sanctioning Plaintiff for his misconduct by barring him from filing any new lawsuits in any federal court in Texas, Louisiana, or Mississippi without prior permission from the court). These circumstances readily support a finding that Plaintiff's delays and disobedience to the Court's orders in this case were intentional. In short, "'aggravating factors' are present" so as to justify dismissal even if, as a result of the limitations period, such dismissal were effectively with prejudice. *Nottingham*, 837 F.3d at 443.

**IV.     Conclusion and Recommendation.**

For the reasons set out above, I recommend that Plaintiff's claims be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute his case and failure to comply with the Court's orders.

**V.     Instruction for Service and Notice for Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on December 17, 2025.

Henry J. Bemporad
United States Magistrate Judge

8