UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MATTHEW ANDREW GARCES,**

   *Plaintiff*,

v.                                                                        Case No. 5:25-CV-00339-JKP

**OFFICER F. RUIZ, BADGE #1028,
SAN ANTONIO POLICE DEPART-
MENT; OFFICER FNU ARIZOLA,
BADGE #1818, SAN ANTONIO PO-
LICE DEPARTMENT;  SAN ANTO-
NIO POLICE DEPARTMENT, PUB-
LIC SAFETY HEADQUARTERS; AND
CITY OF SAN ANTONIO,**

   *Defendants*.

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

     Before the Court is the Report and Recommendation of United States Magistrate Judge Henry J. Bemporad, (*ECF No. 36*), filed December 17, 2025. Judge Bemporad recommends the Court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute his case and failure to comply with the Court's orders. *Id*. Upon consideration, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation.

This case is one of numerous *pro se* lawsuits filed by Plaintiff.[1] Many of Plaintiff's claims have been dismissed for failure to state non-frivolous claims. Due to this pattern of filing frivolous matters, United States Magistrate Judge Henry J. Bemporad previously recommended Plaintiff be declared a vexatious litigant. *See Garces v. Rossbach, et al.*, 5:25-cv-441-JKP-HJB, Report and Recommendation (W.D. Tex. June 4, 2025). The District Court adopted Judge Bemporad's Report and Recommendation, declared Plaintiff a vexatious litigant, and enjoined him from filing civil suits in the Western District of Texas without first obtaining leave of Court. *See Garces v. Rossbach, et al.*, 5:25-cv-441-JKP, Order (W.D. Tex. September 4, 2025).

As explained in Judge Bemporad's Report and Recommendation, Plaintiff filed this *pro se* Complaint on March 31, 2025. *ECF No. 1*. He sought and received permission to proceed *in forma pauperis*. *See id.*; *ECF No. 4*. Shortly thereafter, as a result of his harassment of court staff, Plaintiff was ordered barred from physically entering the Courthouse beyond the Court Security Officers' station. *ECF No. 11*. Although Judge Bemporad did not issue that order, Plaintiff then moved to have Judge Bemporad recused, (*ECF No. 15*), which was denied, (*ECF No. 19*). Plaintiff then moved for a temporary restraining order and preliminary injunction against Judge Bemporad, (*ECF No. 18*), which was denied as "utterly frivolous," (*ECF No. 21*).

On August 12, 2025, Judge Bemporad scheduled an in-person initial pretrial scheduling conference to take place on October 22, 2025. (*ECF No. 25*).[2] Defendants appeared for the hear-

---

[1] *See, e.g.*, *Garces v. Hernandez, et al.*, 5:25-cv-81-JKP; *Garces v. Hernandez*, 5:25-cv-82-FB; *Garces v. City of San Antonio, Attorney Deborah Klein et al.*, 5:25-cv-127-FB; *Garces v. Garland, et al.*, 5:25-cv-128-FB; *Garces v. Mohammed*, 5:25-cv-141-JKP-ESC; *Garces v. United Health Care, United Health Care Group*, 5:25-cv-00256-XR-RBF; *Garces v. Hernandez*, 5:25-cv-00312-XR; *Garces v. Ruiz et al*, 5:25-cv-00339-JKP-HJB; *Garces v. Rossbach et al*, 5:25-cv-00441-JKP; *Garces v. Doe et al.*, 5:25-cv-578-OLG-RBF; *Garces v. Bisignano*, 5:25-cv-579-XR-HJB; *Garces v. Saenz et al.*, 5:25-cv-605-OLG; *Garces v. Smith et al.*, 5:25-cv-607-XR-HJB; *Garces v. Tenet Health, et al.*, 5:25-cv-636-OLG; *Garces v. Pain & Spine Physicians of SA PLLC*, 5:25-cv-637-XR-HJB; *Garces v. Garcia*, 5:25-cv-686-FB-HJB; *Garces v. Huerta et al.*, 5:25-cv-633-XR; *Garces v. City of San Antonio et al*, 5:25-cv-00703-JKP-HJB.

[2] In advance of the pretrial conference, Judge Bemporad made arrangements for Plaintiff to be escorted by court security officers to the courtroom. A few days before the scheduled hearing, Plaintiff filed motions for judicial no-

ing, as ordered, but Plaintiff did not. *ECF No. 34 at 1*. Accordingly, Judge Bemporad reset the hearing and ordered Plaintiff to show cause, no later than November 10, 2025, as to why he should not be sanctioned for his failure to appear on October 22, 2025. *See id*. The order expressly warned Plaintiff that any failure to comply with that deadline "may result in dismissal of this case for failure to comply with court orders." *Id*. (citing Fed. R. Civ. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016)).

The November 10, 2025, deadline for response passed without any filings from Plaintiff. On November 20, 2025, Judge Bemporad issued a second show-cause order, noting that the first order had already admonished Plaintiff that his failure to comply with the first show-cause order could result in dismissal of his case. *ECF No. 35 at 1*. This time, Judge Bemporad ordered Plaintiff to show cause, no later than December 3, 2025, why his case should not be dismissed for failure to prosecute and failure to comply with the Court's orders, pursuant to Federal Rule of Civil Procedure 41(b). *See id*. To the extent Plaintiff might have incorrectly believed that he was not permitted to file anything as a result of the Fifth Circuit's November 17, 2025, circuit-wide injunction against him,[3] the Court expressly disabused him of any such notion in its second show-cause order. *ECF No. 35 at 1–2 n.1*. That deadline, too, came and passed with no response from Plaintiff.

For these reasons, Judge Bemporad recommends Plaintiff's claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute his case and failure to comply with the Court's orders.

---

tice of an FBI criminal complaint, (*ECF No. 30*), and for a subpoena duces tecum, (*ECF No. 31*). Judge Bemporad denied both of those motions. *See* Text Entry Dated Oct. 22, 2025; *ECF No. 33*.

[3] *See Garces v. Bondi*, No. 25-50359 (5th Cir. Nov. 17, 2025) ("Matthew Garces is hereby BARRED from filing any *pro se*, *in forma pauperis* lawsuit or civil pleading in any district court subject to this court's jurisdiction without first obtaining in advance the written permission from an active judge of the receiving forum court.")

No one has filed any objection to the Report and Recommendation, and the time for doing so has expired. Accordingly, the Court reviews the Report and Recommendation only to determine whether any finding or recommendation is clearly erroneous or contrary to law. *See Johnson v. Sw. Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016) (citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).[4] The Court knows of no principle of law that precludes a dismissal with prejudice as recommended under the facts and circumstances of this case.

Consistent with § 636(b)(1), the Court has reviewed the Report and Recommendation for clear error on the face of the record. Finding no such error, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation, (*ECF No. 36*). As recommended, the Court **DISMISSES** this action with prejudice.

It is so ORDERED.
SIGNED this 6th day of January, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

[4] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Wilson*, 864 F.2d at 1221.